**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 23cr10186-ADB** |
| | ) | |
| **MICHAEL RILEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**SENTENCING MEMORANDUM**

Defendant Michael Riley is a long-time, violent member of the Heath Street Gang who is the epitome of a Career Criminal. Defendant (48 years-old now) has a criminal career marked by violence and drug trafficking, which dates back over 30 years. See PSR at ¶ 124. Defendant has been convicted of a myriad of dangerous crimes, including, but not limited to: dealing cocaine and cocaine base ("crack"), armed assault to murder, assault with a dangerous weapon, armed robbery, manslaughter, and armed robbery with a firearm. See PSR at ¶¶ 124-132. Many of these crimes have involved gang activities around the Mildred C. Hailey Apartments – the housing development in which the Heath Street Gang is ensconced. Defendant's dangerous criminal activities continued to the charging of the case with Defendant selling cocaine on the streets, including in the Mildred C. Hailey Apartments. Along these lines, as noted in the PSR, Defendant qualifies as a Career Offender for his drug trafficking activities.

There can be no dispute that Defendant's criminal activities put the public at risk in a myriad of ways – from violence on the street to promoting drug abuse through his cocaine trafficking. Defendant's extensive criminal record, including lengthy incarcerations prior to the criminal activities in this case, amply demonstrates that Defendant has no concern whatsoever

about destroying neighborhoods and the lives of people in the community. Defendant's actions have particularly degraded the living conditions of the Mildred C. Hailey Apartments through drug trafficking and the specter of ongoing gang violence.

Given the circumstances of this case (especially the violence and drug trafficking in which Defendant was involved), the Government recommends a sentence of 216 months' incarceration (which is *below* the low-end of the Sentencing Guidelines range) to be followed by 3 years of supervised release, no fine and a $100 mandatory special assessment. As one of the terms of his supervised release, the Government requests that Defendant be barred from entering or staying at the Mildred C. Hailey Apartments. The Government's recommended sentence aligns with the factors set forth in 18 U.S.C. § 3553. In particular, the sentence is necessary to protect the public and to deter both Defendant and others from similar criminal conduct in the future.

**THE SENTENCING GUIDELINES**

"'Relevant conduct in a RICO case' for purposes of § 1B1.3 of the Guidelines 'includes all conduct reasonably ***foreseeable*** to the particular defendant in furtherance of the RICO enterprise to which he belongs.'" United States v. Sandoval, 6 F.4th 63, 105 (1st Cir. 2021) (citations omitted) (emphasis added). "The District Court must find such relevant conduct by a preponderance of the evidence." Id. "Any such conduct becomes a 'cross reference' that may be used to set the offense level." Id. Per the PSR, Defendant's incarceration range is 240 months, the statutory maximum for the single RICO charge in this case. See PSR at p.43.[1]

[1] On the issue of the appropriate sentence, the Government would note that, as set forth in the PSR, Defendant, who was involved in drug trafficking as one of his racketeering activities, is a Career Offender. Thus, as a point of reference, Defendant's drug trafficking alone would trigger

**DEFENDANT'S CRIMINAL CONDUCT**

The Heath Street Gang originated in what is now the Mildred C. Hailey Apartments, a housing development in the Jamaica Plain section of Boston. The gang's criminal activities have had a particularly negative impact on the members of the public (including families) living in the housing development through the gang's violence (including violent/threatening conduct on site at the development as well as retaliatory attacks/shootings from rival street gangs targeting the housing development), drug dealing (in the housing development and in the nearby area), and the active recruitment of children from the housing development into the gang. The Heath Street Gang's activities have also severely impacted other areas of Boston, as well as surrounding communities. As a prime example, the Heath Street Gang has been involved in a long-standing conflict with the Mission Hill Gang which has resulted in Heath Street Gang members/associates committing numerous murders/shootings in the Mission Hill area, including public housing developments.

Defendant is presently 48 years old. Defendant's criminal history began at the age of 14 and is marked by extreme violence, dangerous weapons, and drug trafficking. See PSR at ¶¶ 124-132. Defendant has assaulted police officers (¶ 124), dealt cocaine and cocaine base (¶¶ 125-126), stabbed a person during a robbery (¶ 129), robbed a person at knife-point and then intimidated the victim by threatening to "get his gun and shoot out her windows" (¶ 130), fatally stabbed a victim at a location in the Mildred C. Hailey Apartments, resulting in a manslaughter conviction (¶ 131), and, finally, shot a victim during a string of armed robberies (¶ 132). Due to

---

a Sentencing Guidelines range of 151-188 months' incarceration with acceptance of responsibility.

these various crimes, Defendant was incarcerated for significant amounts of time. The last violent crimes resulted in Defendant being incarcerated for 15 years and released from custody in the 2015-2016 period. *See* PSR at ¶¶ 130; 132. This long period of incarceration did nothing to stop Defendant's criminal activities upon release.

As noted in the PSR at Paragraphs 47-75, Probation has found Defendant liable for two separate murder conspiracies in late 2016 which resulted in: (1) the shooting of a 9-year-old girl playing in an area associated with the Mission Hill Gang – a rival of the Heath Street Gang, and (2) the shooting of a man in a parking lot of the Mildred C. Haley Apartments. Defendant was charged by the Commonwealth of Massachusetts based on the parking lot shooting and spent approximately 20 months in pretrial custody on that charge. See PSR at ¶ 142. Defendant was released on or about September 12, 2018. *Id*. Approximately one month later, Defendant was arrested with a loaded handgun on his person during a traffic stop. See PSR at ¶ 143. Additionally, up until the takedown of this case in early 2024, Defendant was actively dealing drugs on the streets and in the Mildred C. Hailey Apartments. See PSR at ¶¶ 40-46.

Defendant has continuously engaged in highly dangerous conduct that has placed the public at extreme risk for over 20 years. Under the totality of the circumstances, including Defendant's violent racketeering acts and his extreme criminal history, the Government recommends a sentence of 18 years' incarceration to be followed by 3 years of supervised release. The proposed sentence is a necessary sentence. In this regard, despite receiving a 15-year sentence in 2003, upon his release in 2015-2016, Defendant went directly back to a life of gang-related violence and drug trafficking. He has shown no indication that he will rehabilitate himself or take steps to properly integrate into society as a law-abiding citizen. A sentence of

216 months – 18 years – for Defendant's racketeering actions since his release is appropriate and necessary to protect the public.

## CONCLUSION

The Government's proposed sentence of 216 months' incarceration, to be followed by 3 years of supervised release, is an appropriate sentence for all the reasons set forth in 18 U.S.C. 3553.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney States

Date: October 22, 2026

By: */s/ Michael Crowley*
MICHAEL CROWLEY
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Michael Crowley, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael J. Crowley*
MICHAEL J. CROWLEY
Assistant U.S. Attorney