**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **v.** | ) | **DOCKET NO.: 23-10198-ADB** |
| **MICHAEL RILEY (13),** | ) | |
| **Defendant.** | ) | |

**DEFENDANT RILEY'S MOTION TO STRIKE PORTIONS OF PRESENTENCE REPORT THAT MISCHARACTERIZE DISPUTED FACTS AS PROVEN ASSERTIONS AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES the defendant Michael Riley, through counsel, and hereby moves this Honorable Court to strike language in the Presentence Report that does not accurately characterize disputed facts and, on the contrary, mischaracterizes them as dispositively proven. In support thereof, counsel states the following:

1. This Court has authority to strike all or portions of a PSR for reasons including the timeliness of disclosures and the prejudicial content of the Report. See *United States v. Rouland*, 1993WL410455, aff'd 9 F. 3d 1555 (9th Cir. 1993); *United States v. Santana-Camacho*, 931 F. 2d 966, 969 (1st Cir. 1999).

2. With respect to the October 9, 2016 shooting, it is respectfully submitted that paragraphs 47, 48, 68, 69, 71, 74, and 75 all contain information which is disputed, but is reported as if it were conclusively established.

3. For example, paragraphs 47 and 48 describe with certainty that "targets" of a shooting were "identified Mission Hill gang members run away from the two shooters." This is a hopelessly misleading description of the surveillance footage. There is no way to determine from the video who is a target and who is a shooter or if the individuals were innocent bystanders. The shooting is not captured on video except that the audio does capture the gunshots. All that is shown on the video is unidentified individuals entering a park and unidentified individuals running from a park. No information was produced in discovery that establishes how police determined the gang affiliation of unidentified individuals or who was shooting at whom. No information is available as to who, if anyone, was screened out as a bystander.
4. Additionally, paragraph 48 makes the conclusory statement that officers were able to identify Riley as being involved as a shooter. This is a false and misleading statement. There is no identification of Riley at all.
5. Likewise, paragraphs 48 and 69 discuss weak circumstantial evidence that someone may have driven a Saturn Ion to and from the scene. There is no evidence who this person was or whether that person was a target, shooter or innocent bystander. Riley never owned a Saturn Ion. According to the Brockton police a Saturn Ion was parked near Riley's residence in Brockton during the Fall of 2016 and a Saturn Ion was allegedly photographed by

Riley's probation officer arriving in a parking lot.[1] Once again, there is no evidence that either of these Saturns was involved in the shooting or in what capacity and no evidence that Riley ever owned or drove a Saturn.

6. Paragraph's 68 and 69 describe the woman from whom a gun was recovered as "Riley's girlfriend". The gun was supposedly linked to the shooting. This is false and misleading. When the gun was recovered from the woman, Riley was not present and she never says that she is either Riley's girlfriend or that she got the gun from Riley. Instead, she makes two contradictory false statements that the gun was planted on her and later that it was given to her by "Toni Braxton". Furthermore, alleged expert ballistics evidence has been questioned recently by high courts and found to be unreliable. *Commonwealth v. Williams,* 498 Mass. 321 (2026)(Commonwealth failed to meet burden of establishing that expert testimony on gunshot residue was reliable); *Abreuquah v. State,* 483 Md. 637 (2023)(theory of firearms identification was not sufficiently reliable basis for unqualified expert opinion); *People v. Ross,* 68 Misc.3d 899, 918 (NY 2020) (firearms examiner may not offer quantitative opinion on matters not adequately supported by the scientific community). It is far from conclusively established that any gun can be "ballistically linked" to any shooting.

[1] No photograph of the Saturn was taken by the Brockton police. The probation officer's photograph does not clearly depict a Saturn.

7. With respect to the December 9, 2016 shooting, paragraphs 71, 74, 75 all mischaracterize video footage. First, there is no existing video footage of the alleged shooting or any screen shots of lost video footage of the shooting. Missing videos was a major issue at Riley's Suffolk Superior Court trial in 2018 which resulted in acquittals. (See Exhibit 1, attached hereto).

8. Specifically, the last two sentences of paragraph 71 and the first sentence of paragraph 74 are horribly misleading. No witness to the shooting ever identified Riley as being involved and there is no existing video that shows any part of the shooting, if there ever was. Prior to Riley's Superior Court trial, individuals were asked to look at still shots captured from a missing video from the inside of a BHA apartment prior to the shooting for the purpose of allegedly identifying the individuals depicted ***in the photograph***. The trial judge struck and/or limited this testimony because of the witness's lack of familiarity with Riley and/or the lapse in time from the date of the shooting. (See Exhibit 2, attached hereto).

9. Paragraphs 74 and 75 should not reference the USPO's 2026 review of photographs and identification of Riley captured from a missing video that do not depict the crime ***ten years later***. This is simply not reliable and hopelessly prejudicial for the same reason the trial judge stated in 2018. The USPO did not know Riley in 2016 and is completely unfamiliar with how he appeared in 2016.

10. Lastly, the description of the liquor store footage must be clarified to state that it is not contemporaneous with the shooting and was in fact captured four hours before the shooting.

## CONCLUSION

Based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to strike or clarify the requested portions of the PSR.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
21 Highland Circle, Suite 202
Needham, Massachusetts 02494
(617) 519-9011

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 23rd day of October, 2026, a copy of the foregoing motion was served electronically, upon AUSA Michael Crowley, 1 Courthouse Way, Boston, MA 02110.

________________________________
Peter Charles Horstmann, Esquire