# EXHIBIT 1

36

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
Docket No. 2017-00153

COMMONWEALTH

v.

MICHAEL RILEY,
Defendant

9/9/18 After review, denied without prejudice to objections at the time the evidence is offered, if insufficient foundation is laid.

WILKINS, J

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE STILL PHOTOGRAPHS FROM THE MISSING SURVEILLANCE VIDEO**

Defendant, Michael Riley, hereby moves this Honorable Court to exclude still photographs from the missing surveillance video at trial. As grounds therefor, Mr. Riley states the following.

On or about December 9, 2016, a shooting occurred involving two tow truck drivers/operators. The only evidence available to officers was surveillance video from the area. During the course of discovery, the Commonwealth provided a series of videos and still photographs (ostensibly created through the videos). During discovery, it became apparent that the Commonwealth had lost one of the videos that had been used to create some of the still photographs. Riley sought sanctions for the discovery violations; a Judge denied imposing sanctions and indicated their admission would be an issue for trial.

The still photographs should be inadmissible at trial. As a preliminary matter, the stills cannot properly be authenticated since the video is lost. The still photographs were (allegedly) created from the surveillance tape. Thus, any authentication requires first authenticating the surveillance tape, and then authenticating the photographs. While the police report regarding the

stills' creation is not entirely clear, Detective Aziz asserts he "had been given" still photographs from Sergeant Bersani, an officer with the Boston Housing Authority Police.

"The requirement of authentication as a condition precedent to admissibility of real evidence is satisfied by a foundation sufficient to support a finding that the item in question is what its proponent claims it to be." *Commonwealth v. Siny Van Tran*, 460 Mass. 535, 546 (2011). Mass. G. Evid. § 901(a). "A judge making a determination concerning the authenticity of a communication sought to be introduced in evidence may look to 'confirming circumstances' that would allow a reasonable jury to conclude that this evidence is what its proponent claims it to be." *Commonwealth v. Purdy*, 459 Mass. 442, 448–449 (2011). Other jurisdictions have allowed admission of still photographs only in conjunction with admission of the original tape. *See, e.g., Nooner v. State of Arkansas*, 907 S.W.2d 677 (October 9, 1995, Supreme Court of Arkansas) (ruling that computer generated stills are admissible if they are verified as being reliable representations of images recorded on the original videotape . . . further, the original videotape should be entered as an exhibit for the trier of fact to view); *Dolan v. State*, 743 So. 2d 544 (Fla. Dist. Ct. App. 1999) (finding that once the tape is authenticated and the forensic analyst explains the computer enhancement process and establishes that the images were not altered or edited, then the computer enhancements become admissible as a fair and accurate replicate of what is on the tape, provided the original tape is in evidence for comparison) *see also Washington v. State*, 961 A.2d 1110, 1115 (Md. 2008) ("Photographic manipulation, alterations and fabrications are nothing new, nor are such changes unique to digital imaging, although it might be easier in this digital age. As noted by Professor Lynn McLain, '[m]ovies and tapes are easily manipulated, through such means as editing and changes of speed, to

produce a misleading effect.'"). Since the proper foundation for admitting the still photographs cannot be presented, the evidence must be precluded.

Additionally, the still photographs should not be admitted at trial since their probative value is significantly outweighed by their prejudice to Mr. Riley. It does not appear that these photos, or the video they allegedly came from, were used in the investigation. The few still photographs allegedly created from the video are misleading as they lack context. The jury does not have the benefit of viewing other persons on the video who were in the area, or the ability to view any innocuous actions by the defendants or others on the video. It is impossible to know how much, timewise, the video captured and whether there was other relevant footage before or after the incident. By submitting the pictures, without the video, it presents a picture to the jury that the stills capture the only relevant evidence from that video. That is misleading.

Date: 8/13/18

Eric Tennen BBO# 650542
Rachael A. Michaud, BBO #691794
Swomley & Tennen, LLP
50 Congress Street, Suite 600
Boston, MA 02109
(617) 227-9443
etennen@swomleyandtennen.com

**CERTIFICATE OF SERVICE**

I, Eric Tennen, hereby certify that I have served the foregoing in hand and via e-mail this 13 day of Aug, 2018 on the following counsel of record:

Amy Martin
Suffolk County District Attorney's Office
One Bulfinch Place
Boston, MA 02114

Signed under the pains and penalties of perjury.

Eric Tennen