# EXHIBIT 2

35 (testimony)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
Docket No. 2017 - 00153

COMMONWEALTH

v.

MICHAEL RILEY,
Defendant

9/9/18 After argument allowed as to witnesses Campbell and Bertone. While the video meets the photo quality and alteration of appearance (closed hood) criteria of Comm v. Pleas 49 Mass App Ct 321 (2000) and familiarity (as to Bertone), Campbell does not meet the familiarity criteria and would be prejudicial, given his role as police officer. The Bertone testimony would not help the jury, as she only says the photo "resembles" Mr. Riley and the probative value is very slight, as she received prior information that the photo showed Mr. Riley, the identification was cross-racial and Mr. Riley's actual probation officer was not able to identify the photo. As to other officers, the Court will conduct a voir dire upon request as the existing record does not show sufficient familiarity and shows a real risk of prejudice.

WILKINS, J

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY REGARDING IDENTIFICATION FROM THE SURVEILLANCE VIDEO AND TO PRECLUDE ANY IN-COURT IDENTIFICATION OF DEFENDANT**

Defendant, Michael Riley, hereby moves this Honorable Court to preclude testimony regarding identification of Defendant from the surveillance video by certain persons and to preclude any in-court identification of defendant. As grounds therefor, Mr. Riley states the following.

In sum, after a shooting incident, Officer Steve Bersani distributed still photographs from a nearby surveillance video to officers in an effort to identify the persons on the video. Officer Campbell[1] told Officer Bersani that the person in the video "resembled" a person that he FIO'd at some point. During the FIO, a photograph was taken by another officer present and sent to Campbell. The person he FIO'd was Michael Riley. Notably, Campbell heard from other officers and civilians that Riley was "known to carry a firearm." The FIO occurred in October, 2016, near the Bromley Heath Development. This was the only encounter Campbell ever had with Riley. The victim was unable to identify Mr. Riley as a person involved in the shooting.

---

[1] Other officers testified before the Grand Jury regarding the same FIO and identification therefrom. However, the other officers were both already informed Campbell believed it to be Riley. However, to the extent the Commonwealth seeks to introduce testimony by other officers, it should be precluded on the same grounds stated herein.

Officers later spoke with Mr. Riley's probation officer (regarding another matter), who was unable to identify Mr. Riley from the video or stills. *See* Exhibit 1 (Transcript, Maurice Dingle). Officers also spoke with a front-desk-employee of the Probation Department where Mr. Riley was on probation, who identified him from the video. However, her interview is clear that Mr. Riley's name was made available to her in advance. *See* Exhibit 2 (Transcript Suzanne Bertone). The first mention of Riley's name in the transcript was the employee stating the person "in the hooded sweatshirt does resemble Mr. Riley." *Id.* at 6-7. She also indicated Mr. Riley has been on probation since 2014, and she remembered him since then. But, Mr. Riley's probation was transferred to her office only months before the interview, though he had been on probation elsewhere since 2015. *See* Exhibit 3 (Docket of Probation Transfer). This shows she looked into Mr. Riley's probation history prior to the interview.

*A. The testimony must be precluded as inadmissible.*

The law is clear. "A witness's opinion concerning the identity of a person depicted in a surveillance photograph is admissible if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury." *Commonwealth v. Pleas*, 49 Mass.App.Ct. 321, 326 (2000), quoting *U.S. v. Farnsworth*, 729 F.2d 1158, 1160 (8th Cir.1984). To determine whether there is such a basis, the judge considers whether (1) the quality of the footage is not "so unmistakably clear or so hopelessly obscure that the witness is no better-suited than the jury to make the identification"; (2) the identifying witness is sufficiently familiar with the defendant; (3) the defendant was either disguised in the videotape or has changed his appearance in a way that makes identification difficult; and (4) the identifying witness's occupation, as a police office or a parole officer, can be minimized so as not to prejudice the jury against the defendant. *Pleas*, *supra* at 325–327, quoting *U.S.* v.

> The level of familiarity of the witness with the person shown in the photograph is also a factor. *See, e.g., United States v. Barrett*, 703 F.2d 1076, 1085-1086 (9th Cir.1983) (witness was defendant's girlfriend); *United States v. Farnsworth*, 729 F.2d 1158, 1160 (8th Cir.1984) (one witness had met with the defendant at least seventy-five times; another about twenty times); *United States v. Wright*, . . . at 405 ("[E]ach witness had seen Wright numerous times over an extended period of time."); *United States v. LaPierre*, 998 F.2d 1460, 1465 (9th Cir.1993) (error to admit testimony where witness did not know defendant and had never seen him in person); *United States v. Jackman*, . . . at 6-7 (witnesses had known the defendant for a long time and had seen him on many occasions); *United States v. Pierce*, 136 F.3d 770, 775 (11th Cir.), cert. denied, 525 U.S. 974, 119 S.Ct. 430, 142 L.Ed.2d 350 (1998) ("[B]oth ... witnesses had become familiar with Pierce's appearance and ... his facial features through repeated contacts with [him] over significant periods of time."). *Cf. United States v. Jackson*, 688 F.2d 1121, 1123, 1125 (7th Cir.1982), cert. denied, 460 U.S. 1043, 103 S.Ct. 1441, 75 L.Ed.2d 797 (1983) (admitting testimony even though witness had seen defendant only once before, but holding that the opportunity to observe the defendant goes to the weight, not the admissibility, of the testimony); *United States v. Allen*, 787 F.2d 933, 935-936 (4th Cir.1986), vacated on other grounds, 479 U.S. 1077, 107 S.Ct. 1271, 94 L.Ed.2d 132 (1987) (same, but witnesses had known defendant for some time).

*Pleas, supra*, at 325-26. The only case that mentions seeing a defendant once, *Jackson*, is easily distinguished from the instant matter. In *Jackson*, the Seventh Circuit rationalized the witness, a civilian who had met defendant socially at a Christmas party the year before, could compare the defendant to every person she had ever met. *Jackson, supra*, at 1125. It was not as if she was a police officer who was trying to place the defendant in context provided by his superior. *Jackson* has also been noted by the First Circuit to have "extreme" facts and is therefore an outlier. *See Jackman, supra*, fn 3.

Similarly, the Probation Department's front-desk-employee is not "sufficiently familiar" with Mr. Riley. At the time of her identification, Riley was on probation with her office for only a few months. She observed him *at most* bi-weekly and for an extremely limited amount of time before he met with Probation Officer Dingle, who was

Jackman, 48 F.3d 1, 5 (1st Cir.1995). In the instant matter, the Commonwealth must be precluded from identifying Mr. Riley through the officers who testified before the Grand Jury or any probation employee.

First, there is no issue with the quality of the footage.[2] Second, Officer Campbell is in no way "sufficiently familiar" with Riley. As a preliminary matter, the suggestive nature of his identification is concerning. He was presented with information by Officer Bersani that a shooting incident occurred in the Bromley Heath area. Campbell then stated the photograph "resembled" a person he FIO'd in that very neighborhood, who he heard was "known to carry a firearm." These circumstances cannot be ignored.

Next, Officer Campbell encountered Riley once. He is in no way "sufficiently familiar" with Riley, and his testimony provides no information helpful to the jury. "Put another way, 'such testimony is admissible . . . when the witness possesses sufficiently relevant familiarity with the defendant that the jury cannot also possess.'" *Pleas, supra*, at 326. If the witness lacks such familiarity, it is the province of the jury to draw their own conclusions regarding the identity of the person depicted without the witness's assistance. *See Commonwealth v. Austin*, 421 Mass. 357, 366 (1995); *Commonwealth v. Nassar*, 351 Mass. 37, 41–42 (1966), S.C., 354 Mass. 249 (1968), cert. denied, 393 U.S. 1039, 89 S.Ct. 662, 21 L.Ed.2d 586 (1969), quoting *Commonwealth v. Sturtivant*, 117 Mass. 122, 137 (1875). Campbell had not known Riley "for a long time" nor "seen him often." *See Commonwealth v. Vitello*, 376 Mass. 426, 458-60 (1978). *Pleas* discusses "sufficient familiarity" through federal caselaw, and it is clear Campbell does not come close:

---

[2] To note, after capturing still photographs from the surveillance video, the video was lost. This issue is addressed under separate cover and has no impact on the instant analysis.

not even able to identify Riley from the video or stills. The employee also incorrectly asserted she had observed Riley for years.

Third, Mr. Riley has not changed his appearance since last year. There have been no allegations from the Commonwealth he has, nor any evidence presented regarding same.

Finally, Officer Campbell and the front-desk-employee of the Probation Department's occupations cannot be minimized so as not to prejudice the jury against the defendant. Officer Campbell testified before the Grand Jury that he FIO'd Mr. Riley months before the shooting incident, in the same neighborhood where the incident took place. He also testified he heard from other officers and civilians that Riley was "known to carry a firearm." These facts present a legal quandary for Mr. Riley. Without eliciting testimony regarding the FIO, he is unable to effectively cross-examine Officer Campbell's identification. He cannot question Campbell regarding the duration of the encounter, the circumstances of the encounter, or the suggestive information provided by Officer Bersani prior to Campbell's identification, without also eliciting information regarding Riley's presence in the neighborhood months prior or what Campbell heard regarding Riley being "known to carry a firearm." But these facts are essential to proving Campbell's suggestive identification.

Likewise, Mr. Riley cannot meaningfully cross-examine the Probation employee without eliciting information regarding Riley's criminal history—that he was on probation, for how long, how often he checks in, that his own Probation Officer could not identify him, etc. *See, e.g., U.S. v. Calhoun*, 544 F.2d 291, 295 (6th Cir.1976) (reversing

because parole officer, whose occupation was not identified to the jury, could not be adequately cross-examined).

B. *Even assuming arguendo the identification is admissible, it must be otherwise precluded since its probative value is significantly outweighed by the risk of unfair prejudice to Mr. Riley.*

Though Mr. Riley discusses this point *supra* in support of deeming the identification inadmissible under the third-prong of *Pleas*, even assuming *arguendo* the identification is admissible, it should otherwise be excluded as its probative value is significantly outweighed by the risk of unfair prejudice to Mr. Riley. See *Pleas*, *supra*, at 327–328; Mass. G. Evid. § 403. *Cf.* *Commonwealth v. Johnson*, 473 Mass. 594, 599 (2016), quoting *Commonwealth v. Jones*, 423 Mass. 99, 107 (1996) (judge can "exclude a suggestive and unreliable eyewitness identification" if it "is more prejudicial than probative"). First, the circumstances under which Campbell and the Probation employee identified Mr. Riley were extremely suggestive. Riley cannot effectively cross-examine either witness without also introducing prejudicial evidence.

Additionally, there is an "increase[d] potential for inappropriate prejudice to the defendant" stemming from "identification testimony from a police officer who is so designated," *Commonwealth v. Carr*, 464 Mass. 855, 879 (2013), quoting *Pleas*, *supra,* at 327

Based on the foregoing, Mr. Riley respectfully requests this Honorable Court preclude testimony regarding identification of Defendant from the surveillance video by certain persons and to preclude any in-court identification of defendant.

Date: 8/15/18

Eric Tennen BBO# 650542
Rachael A. Michaud, BBO# 691794
Swomley & Tennen, LLP
50 Congress Street, Suite 600
Boston, MA 02109
(617) 227-9443
etennen@swomleyandtennen.com

## CERTIFICATE OF SERVICE

I, Eric Tennen, hereby certify that I have served the foregoing in hand/e-maill this 15 day of Aug, 2018 on the following counsel of record:

Amy Martin
Suffolk County District Attorney's Office
One Bulfinch Place
Boston, MA 02114

Signed under the pains and penalties of perjury.

Eric Tennen